IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:25-cr-47 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| JUAN ANTONIO MEDINA CARMONA, | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on the Government's Motion to Revoke the Magistrate Judge's Order of Release (Doc. 11). Defendant did not file a response, and the time to do so has passed. Thus, this matter is now ripe for the Court's review. For the following reasons, the Court **GRANTS** the Government's Motion to Revoke the Magistrate Judge's Order of Release (Doc. 11).

## BACKGROUND

On July 4, 2021, Defendant Juan Antonio Medina Carmona was arrested for the illegal discharge of a firearm. (Compl., Doc. 2, Pg. ID 6.) Defendant was subsequently found guilty of the offense. (*Id.*) The Cincinnati Police Department then arrested Defendant again for criminal damaging on February 27, 2025. (*Id.* at Pg. ID 5.) The following day, Immigration and Customs Enforcement ("ICE") conducted a records search and determined that Defendant is a citizen of Mexico who lacks proper

documentation to lawfully remain in the United States. (*Id.*) Defendant was then taken into custody, where he admitted that he was unlawfully in the United States and was previously convicted of unlawfully firing a firearm. (*Id.* at Pg. ID 6-7.) The Government then brought this present case, charging Defendant with one count of Possession of a Firearm by an Illegal Alien in violation of 18 U.S.C. § 922(g)(5). (*Id.* at Pg. ID 1.) ICE has also initiated removal proceedings against Defendant and issued an active detainer against him. (Pretrial Services Report, Doc. 10, Pg. ID 26.)

Defendant made his initial appearance before Magistrate Judge Karen L. Litkovitz on April 7, 2025. (4/7/2025 Minute Entry.) Pretrial Services recommended that Defendant be detained without bond, arguing that there is no condition that will reasonably assure his appearance or the safety of the community. (Pretrial Services Report, Doc. 10, Pg. ID 30.) On April 10, 2025, the Magistrate Judge held a detention hearing. (4/10/2025 Minute Entry.) Defendant was released on bond with conditions of release, including but not limited to: (1) submitting to supervision by Pretrial Services, (2) immediately notifying the court of any change of address or telephone number, (3) not possessing a firearm, (4) not using alcohol or any other controlled substance, and (5) participating in counseling as directed by Pretrial Services. (Bond Order, Doc. 8.) The Government then moved to revoke the Magistrate Judge's bond order. (4/10/25 Minute Entry; Motion, Doc. 11.) Accordingly, the bond order was stayed pending the Government's appeal. (4/10/25 Minute Entry; Order, Doc. 9, Pg. ID 25.)

## LAW AND ANALYSIS

The Government may seek review of a release order by filing a motion for revocation pursuant to 18 U.S.C. § 3145(a). The district court then reviews the detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129-30 (S.D. Ohio 2000). Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The factors relevant to determining whether a defendant may be released on bond are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the seriousness of danger that the defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g). A review of these factors demonstrate that detention is appropriate.

### I. The Nature and Circumstances of the Offense

The Court first considers "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Defendant is charged with Possession of a Firearm by an Illegal Alien. (Information, Doc. 15.) Not only are crimes involving firearms a specific consideration under § 3142(g)(1), but Defendant's charge also conveys a lengthy sentence of up to 15 years' imprisonment. *See* 18 U.S.C. § 924(a)(8). Thus, this factor supports detention.

3

## II. The Weight of the Evidence

The second factor concerns the weight of the evidence of dangerousness or flight risk, rather than the evidence of the defendant's guilt. *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The weight of the evidence as to Defendant's risk of flight is heavy. Defendant faces up to 15 years in prison. *See* 18 U.S.C. § 924(a)(8). The risk of a long prison sentence provides a strong incentive for Defendant to flee. *United States v. Shulkin*, No. 19-4171, 2020 U.S. App. LEXIS 8624, at *3 (6th Cir. Mar. 18, 2020). Furthermore, Defendant is on active probation but has not complied with his supervision. (Pretrial Services Report, Doc. 10, Pg. ID 28.) Defendant has incurred new charges, has outstanding fines, and has missed office visits. (*Id.*) And, most notably, Defendant has failed to appear to several past court dates. (*Id.* at Pg. ID 29.) Thus, the strong evidence of Defendant's risk of flight supports detention.

## III. The History and Characteristics of Defendant

The third factor involves weighing "the history and characteristics of the person," including his family ties, employment, community ties, length of residence in the community, past conduct, and criminal history. 18 U.S.C. § 3142(g)(2). Defendant has lived in Ohio for approximately 23 years. (Pretrial Services Report, Doc. 10, Pg. ID 26.) His community ties are further evidenced by the presence of some of his family members in the Cincinnati area. (*Id.* at Pg. ID 26-27.) Defendant, however, has a notable criminal history that includes operating a motor vehicle under the influence, discharging firearms, firearm in a motor vehicle, and a pending charge for cocaine possession. (*Id.* at Pg. ID 27-28.) Moreover, Defendant is not legally in the United States. (*Id.* at Pg. ID 26; Motion, Doc.

4

11, Pg. ID 34.) He is currently subject to removal proceedings and ICE has issued an active detainer on him. (Motion, Doc. 11, Pg. ID 34.) Thus, if Defendant is released on bond, he will not return to the community but instead be taken into Department of Homeland Security custody to continue his removal proceedings and likely be deported. (*Id.*) Defendant's deportation would then halt this matter as his reentry into the United States would be an additional crime. Although Defendant has some community ties, his criminal history coupled with the ICE detainer strongly weigh in favor of detention.

### IV. The Danger to the Community

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). "The unlawful possession of firearms inherently poses a serious danger to other persons and the community." *United States v. Streety*, No. 3:24-CR-16, 2024 U.S. Dist. LEXIS 25791, at *8 (S.D. Ohio Feb. 14, 2024). Defendant is charged with Possession of a Firearm by an Illegal Alien. (Information, Doc. 15, Pg. ID 44.) Based upon Defendant's criminal history, and this current offense for the unlawful possession of a firearm, the Court finds that Defendant poses a danger to the community.

### CONCLUSION

For all these reasons, the Court concludes that no condition or set of conditions of release would reasonably assure the appearance of Defendant or the safety of the community. The Court **ORDERS** the following:

1. The Government's Motion to Revoke the Magistrate Judge's Order of Release (Doc. 11) is **GRANTED**;

2. Defendant's bond is **REVOKED**; and

3. Defendant **SHALL BE DETAINED** in the custody of the United States Marshals Service pending trial.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND